Barry I. Slotnick (BS-9796)
LOEB & LOEB LLP
345 Park Avenue
New York, NY 10154
Main: (212) 407-4000
Fax: (212) 407-4990

Attorneys for Plaintiffs Buena Vista Home
Entertainment, Inc. and Walt Disney Pictures

FILED
CLERK

2012 JUN 29 PM 12: 02

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

BUENA VISTA HOME ENTERTAINMENT,
INC. AND WALT DISNEY PICTURES,

        Plaintiffs,

    v.

MARSHA ANDERSON, SALLY
ANDERSON, SUSAN ANDERSON, KELLY
ANDERSON, CASEY ANDERSON, AND
THE ESTATE OF CHARLES ANDERSON,

        Defendants.
------------------------------------------------------------X

CV 12 - 3267
WEXLER, J.

___ CV ___ LINDSAY, M.J.

**COMPLAINT**

Plaintiffs Buena Vista Home Entertainment, Inc. and Walt Disney Pictures, by their attorneys Loeb & Loeb LLP, allege as follows:

### NATURE OF ACTION – DECLARATORY JUDGMENT

1. By this action, Plaintiffs Buena Vista Home Entertainment, Inc. and Walt Disney Pictures ("Plaintiffs") seek a judgment declaring that Defendants Marsha Anderson, Sally Anderson, Susan Anderson, Kelly Anderson, Casey Anderson, and/or the Estate of Charles Anderson ("Defendants"), on behalf of the late Charles Anderson ("Mr. Anderson"), have no enforceable claims against Plaintiffs under the right of publicity pursuant to Sections 50 and 51

1

of the Civil Rights Law or under the copyright laws of the United States, or otherwise, in connection with the motion picture *Secretariat*, including, but not limited to, (a) the theatrical or on-demand release of the motion picture *Secretariat*, (b) the home entertainment release (including by DVD and Blu-ray) of the same motion picture, including additional "bonus" materials, or (c) any other form or method of distribution of *Secretariat*.

## THE PARTIES

2.  Plaintiff Buena Vista Home Entertainment, Inc. ("BVHE") is a corporation organized under the laws of California with its principal place of business in Burbank, California. BVHE is engaged in, among other things, distribution of home entertainment releases of motion pictures (including in DVD and Blu-ray formats).

3.  Plaintiff Walt Disney Pictures ("WDP") is a corporation organized under the laws of California with its principal place of business in Burbank, California. WDP is engaged in, among other things, the production of live-action motion pictures.

4.  Defendant Marsha Anderson is, upon information and belief, the widow of the late Mr. Anderson, and resides at or around 4 Wichard Boulevard, Commack, New York 11725-1707.

5.  Defendant Sally Anderson is, upon information and belief, a daughter of the late Mr. Anderson, and resides at or around 830 Willow Creek Circle, San Marcos, Texas 78666-5060.

6.  Defendant Susan Anderson is, upon information and belief, a daughter of the late Mr. Anderson, and resides at or around 12430 Metric Boulevard, Apartment 5304, Austin, Texas 78758-5539.

7.  Defendant Kelly Anderson is, upon information and belief, a son of the late Mr. Anderson, and resides at or around 7907 Sonata Court, Houston, Texas 77040-2458.

8.  Defendant Casey Anderson is, upon information and belief, a son of the late Mr. Anderson, and resides at or around 3590 Hilyard Street, Eugene, Oregon 97405-3867.

9.  Defendant the Estate of Charles Anderson is, upon information belief, the estate of the late Mr. Anderson, who died a domiciliary and resident of the State of New York.

## JURISDICTION AND VENUE

10. This Court has original jurisdiction over this matter pursuant 28 U.S.C. § 1332, as the controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

11. This Court also has original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

13. Plaintiff WDP was a producer of the theatrical motion picture titled *Secretariat*. *Secretariat* had a theatrical release date of October 8, 2010. Defendants assert that *Secretariat* included depictions of horse races from the early 1970s that were originally "called" by the late Mr. Anderson in violation of Mr. Anderson's rights. Mr. Anderson's voice was not used in *Secretariat*.

14. Plaintiff BVHE, in early 2011, released home entertainment versions of *Secretariat* (including in DVD and Blu-ray formats). Defendants assert that video clips from certain historical horse races from the early 1970s that are part of the bonus materials to the DVD and Blu-ray releases of *Secretariat* contain recordings of Mr. Anderson's original "calls"

in violation of Mr. Anderson's rights. The video clips were licensed from the copyright owner, CBS Broadcasting Inc., through its licensing agent Thought Equity Motion.

15. Defendants, through counsel and a representative, have asserted over the course of nearly two years that Mr. Anderson's family had not authorized the alleged uses of Mr. Anderson's voice in the motion picture *Secretariat* or in the additional bonus materials included in the home entertainment releases. Defendants contend that Plaintiffs were obligated to obtain such authorization and demanded and continue to demand payment from Plaintiffs, asserting multiple bases of liability, including under the right of publicity and the copyright laws.

16. Upon information and belief, Mr. Anderson passed away on or around March 24, 1979, in or about Commack, New York, and was domiciled in or about Commack, New York, at the time of his death.

## FIRST CLAIM FOR RELIEF
(Declaratory Judgment Against Defendants)

17. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 16 as if fully set forth herein.

18. Defendants, through their counsel and representative, contend that the theatrical, on-demand and home entertainment releases of *Secretariat*, including bonus materials in the DVD and Blu-ray formats, violate Mr. Anderson's rights under the right of publicity and the copyright laws, and Plaintiffs contend they have not violated any of Defendants' rights. Defendants' demands and accusations have escalated to a level requiring intervention by this Court.

19. By reason of the foregoing, a real and justiciable controversy exists between the parties, and Plaintiffs are entitled to a declaration, pursuant to 28 U.S.C. § 2201, that:

    a. Defendants have no claim under the right of publicity based on the theatrical or on-demand releases of *Secretariat* because, among other things (i) Mr. Anderson's persona was not used in such releases and, in any event, (ii) Mr. Anderson died a New York domiciliary before such releases occurred, thereby extinguishing any rights which may have existed;

    b. Defendants have no claim under the right of publicity based on the home entertainment release of *Secretariat*, including the bonus materials, because, among other things, Mr. Anderson died a New York domiciliary before such release occurred, thereby extinguishing any rights which may have existed;

    c. Defendants have no claim under the copyright laws based on the historical video clips contained in the additional bonus materials in the home entertainment release of *Secretariat* because, among other things, the video clips were used pursuant to lawful license from the copyright owner, CBS Broadcasting Inc., and Mr. Anderson's services constituted works made for hire; and

    d. Defendants have no other claims against Plaintiffs because, among other things, the motion picture *Secretariat* and the bonus materials are entitled to First Amendment protection as expressive works.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek relief and demand judgment against Defendants Marsha Anderson, Sally Anderson, Susan Anderson, Kelly Anderson, Casey Anderson, and the Estate of Charles Anderson as follows:

   1. Declaring that:

  a. Defendants have no claim under the right of publicity based on the theatrical or on-demand releases of *Secretariat* because (i) Mr. Anderson's voice was not used in such releases and, in any event, (ii) Mr. Anderson died a New York domiciliary before such release;

  b. Defendants have no claim under the right of publicity based on the home entertainment release of *Secretariat*, including the bonus materials, because Mr. Anderson died a New York domiciliary before such release;

  c. Defendants have no claim under the copyright laws based on the historical video clips contained in the additional bonus materials in the home entertainment release of *Secretariat* because, among other things, the video clips were used pursuant to lawful license from the copyright owner, CBS Broadcasting Inc., and Mr. Anderson's services constituted works made for hire; and

  d. Defendants have no other claims against Plaintiffs based on the theatrical release, on-demand or home entertainment releases of *Secretariat*.

  2. Awarding Plaintiffs their costs, prejudgment interest, attorneys' fees and such other and further relief as the Court shall deem proper.

Dated: New York, New York
    June 29, 2012

Respectfully submitted,

By: _____
Barry I. Slotnick (BS-9796)
345 Park Avenue
New York, NY 10154
Main: (212) 407-4000
Fax: (212) 407-4990

*Attorneys for Plaintiffs Buena Vista Home Entertainment, Inc. and Walt Disney Pictures*