Barry I. Slotnick (BS-9796)
LOEB & LOEB LLP
345 Park Avenue
New York, NY 10154
Main: (212) 407-4000
Fax: (212) 407-4990

Attorneys for Plaintiffs Buena Vista Home
Entertainment, Inc. and Walt Disney Pictures

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
                                                  :

BUENA VISTA HOME ENTERTAINMENT,
INC. AND WALT DISNEY PICTURES,     :   2:12-cv-03267-LDW-ARL

               Plaintiffs,             :   Complaint filed June 29, 2012

           v.                       :   **PLAINTIFFS' OPPOSITION TO THE "SPECIAL APPEARANCES" FILED BY**

MARSHA ANDERSON, SALLY
ANDERSON, SUSAN ANDERSON, KELLY   **DEFENDANTS SALLY ANDERSON AND SUSAN ANDERSON,**
ANDERSON, CASEY ANDERSON, AND   :   **PROCEEDING *PRO SE***
THE ESTATE OF CHARLES ANDERSON,

              Defendants.           :
------------------------------------------------------------ X

      Plaintiffs Buena Vista Home Entertainment, Inc. and Walt Disney Pictures (collectively, "Plaintiffs"), by their attorneys Loeb & Loeb LLP, hereby submit the following memorandum of law in opposition to the "Special Appearances" filed by Defendants Sally Anderson and Susan Anderson (collectively the "Moving Defendants"). As the Moving Defendants are proceeding *pro se*, Plaintiffs construe these "Special Appearances" as motions to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), and respond accordingly. Plaintiffs will serve a copy of this opposition on the Moving Defendants via FedEx, and will enclose copies of Rule 12 and all authority cited herein.

1

**PRELIMINARY STATEMENT**

Plaintiffs seek a judgment declaring that Defendants Marsha Anderson, Sally Anderson, Susan Anderson, Kelly Anderson, Casey Anderson, and/or the Estate of Charles Anderson, on behalf of the late Mr. Charles "Chic" Anderson ("Mr. Anderson"), have no enforceable claims against Plaintiffs under either Sections 50 or 51 of the New York Civil Rights Law or under the copyright laws of the United States, or otherwise, in connection with the motion picture *Secretariat*, including its distribution on DVD and Blu-ray discs.  The Moving Defendants have moved to dismiss for lack of personal jurisdiction, alleging that they are residents of Texas.  Their residence, however, is not determinative.  Rather, it is this Court's jurisdiction over Mr. Anderson's estate that is determinative.   Under New York law, if a court of this State has jurisdiction over an estate, personal jurisdiction is also proper over representatives asserting purported property rights of that estate.[1]

At the pleading stage, Plaintiffs need only allege a *prima facie* case of jurisdiction.  They have clearly done so.  Plaintiffs have alleged that Mr. Anderson passed away in Suffolk County, New York.  (Compl. ¶ 16).  The Moving Defendants have confirmed that was the case. (Special Appearance (Doc. 5) at ¶ 2; Certificate of Death (Doc. 5-1) at 2).  Plaintiffs have also alleged that Mr. Anderson resided in New York at the time of his death.  (Compl. ¶ 9).  Plaintiffs have alleged that for more than two years Defendants have been asserting rights of publicity and/or copyright on behalf of Mr. Anderson.  (Compl. ¶ 15).   The Moving Defendants have confirmed that this is the case as well.  (Special Appearance (Doc. 5) at § IV).  Further, through counsel and a representative, the entire Anderson family has asserted property rights on behalf of Mr.

---

[1] As set forth below, the Moving Defendants are subject to this Court's jurisdiction.  However, even if this Court were to disagree, it would still retain jurisdiction over the non-moving Defendants.

Anderson's estate. (Compl. ¶ 15). This states a *prima facie* case of jurisdiction and is sufficient to allow the case to proceed to discovery.

## LEGAL STANDARD

To satisfy its burden "[p]rior to discovery, a plaintiff may defeat a motion to dismiss based on legally sufficient allegations of jurisdiction." *Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566-67 (2d Cir. 1996) (citing *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir.), *cert. denied*, 498 U.S. 854 (1990)). The Court may accept evidence outside the pleadings. *Pilates, Inc. v. Pilates Institute, Inc.*, 891 F. Supp. 175, 178 n.2 (S.D.N.Y. 1995). Moreover, unless an evidentiary hearing is held, a plaintiff need only allege facts that establish a *prima facie* case for personal jurisdiction, and the Court must credit the plaintiff's jurisdictional allegations as true and resolve any factual disputes in the plaintiff's favor. *PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1108 (2d Cir. 1997); *Metropolitan Life*, 84 F.3d at 566. A plaintiff makes a *prima facie* case by "plead[ing] facts which, if true, are sufficient in themselves to establish jurisdiction." *Bellepointe, Inc. v. Kohl's Dept. Stores, Inc.*, 975 F. Supp. 562, 564 (S.D.N.Y. 1997). Plaintiffs have done that here.[2]

## ARGUMENT

### PLAINTIFFS HAVE MADE A *PRIMA FACIE* CASE OF PERSONAL JURISDICTION

In determining personal jurisdiction, a federal court conducts a two-part inquiry: "First, it must determine whether the plaintiff has shown that the defendant is amenable to service of

---

[2] The Court may also permit discovery to help establish the jurisdictional facts. *Metropolitan Life*, 84 F.3d at 575-76; *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 455-58 (3d Cir. 2003); *The Presbyterian Church of Sudan v. Talisman Energy, Inc.*, 2004 WL 1920978, at *2 (S.D.N.Y. Aug. 27, 2004) (denying motion to dismiss following jurisdictional discovery). Defendants respectfully request, at a minimum, the opportunity to pursue discovery to confirm and establish such jurisdictional facts if the Court believes the Moving Defendants have rebutted Plaintiff's *prima facie* showing.

process under the forum state's laws; and second, it must assess whether the court's assertion of jurisdiction under these laws comports with the requirements of due process." *Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996); *see also* Fed. R. Civ. P. 4(k)(1)(A) ("Serving a summons … establishes personal jurisdiction over a defendant … who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located").  The Moving Defendants were served with a proper summons, and, therefore, the Court will look to New York law to determine whether such service establishes personal jurisdiction over them.

New York provides two sets of jurisdictional statutes relevant here.  First, New York's Civil Practice Law and Rules provides for both general and specific jurisdiction.  CPLR § 301 provides that a New York court "may exercise such jurisdiction over persons, property, or status as [it] might have been exercised heretofore."  This statute encompasses traditional bases of jurisdiction such as service within the state, service on a New York domiciliary either within or without the state, consent to jurisdiction by express or implied agreement, and "doing business" in New York.  *Bulova Watch Co. v. K. Hattori & Co.,* 508 F. Supp. 1322, 1335 (E.D.N.Y. 1981); NY CPLR §§ 301, 313.  New York also has a "long-arm" statute providing that courts may "exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent … transacts any business within the state or contracts anywhere to supply goods or services in the state," *inter alia*.  NY CPLR § 302(a); *Round One Prods., Inc. v. Greg Page Enters.,* 566 F. Supp. 934, 936 (E.D.N.Y. 1982); *In re Refco Inc. Secs. Litig.*, 2012 WL 4053939, at *13-15 (S.D.N.Y. Aug. 8, 2012).

Second, New York estate law provides that "[a]ny action, other than an action for injury to person or property, may be maintained by and against a personal representative [of an estate]

in all cases and in such manner as such action might have been maintained by or against his decedent," NY EPTL § 11-3.1, and further, that receipt and acceptance of estate property "shall constitute a submission by such recipient to the jurisdiction of the court as to any matter concerning the payment or distribution, including proceedings for the recovery thereof." NY SCPA § 210(2)(b); *In re MacElroy's Will*, 294 N.Y.S.2d 766 (N.Y. Sur. 1968) (receipt of shares of stock from estate established jurisdiction over recipient).

1. **Plaintiffs Have Established a *Prima Facie* Case of Personal Jurisdiction Over Mr. Anderson's Estate**

Plaintiffs filed suit in the Eastern District of New York because Mr. Charles ("Chic") Anderson passed away in the Eastern District of New York. Plaintiffs pled, on information and belief, that Mr. Anderson passed away as a resident and domiciliary of New York. (Compl. ¶ 9). The Moving Defendants' "Special Appearances" and supporting papers confirm that Mr. Anderson did indeed die in New York—specifically in Smithtown, Suffolk County. (Docs. 5 at ¶ 2 & 5-1 at 2). Accordingly, Plaintiffs have personal jurisdiction over Mr. Anderson's estate under NY EPTL § 11-3.1 and NY CPLR § 301.

The Moving Defendants claim that Mr. Anderson's legal domicile at the time of his death was Indiana (Doc. 5 at ¶ 2), but that is a legal conclusion lacking sufficient factual support. At the pleading stage, Plaintiffs need only plead a *prima facie* case of jurisdiction, and are entitled to all reasonable inferences. *See, e.g.*, *Metropolitan Life*, 84 F.3d at 566; *PDK Labs*, 103 F.3d at 1108. Plaintiffs' allegations and the documentary support **the Moving Defendants** have provided—confirming that Mr. Anderson died in New York—establish a *prima facie* case of jurisdiction over Mr. Anderson's estate.

### 2. Plaintiffs Have Established a *Prima Facie* Case of Personal Jurisdiction Over the Moving Defendants

Because jurisdiction over Mr. Anderson's estate is proper in New York, jurisdiction over representatives asserting purported property rights of that estate is also proper in New York. NY SCPA § 210(2)(b). As Plaintiffs have alleged in the Complaint, all the named Defendants—including Sally and Susan Anderson—through counsel and a representative, have asserted over the last two years that Mr. Anderson's family did not authorize the alleged uses of Mr. Anderson's likeness in the film *Secretariat* and/or his voice in the additional bonus materials included in the home entertainment releases, and that specific authorization was required under the right of publicity and/or copyright laws. (Compl. ¶ 15). By statute, in New York State, receipt and acceptance of property from a New York estate itself confers personal jurisdiction. The Moving Defendants are among the expected beneficiaries of Mr. Anderson's estate, and they are now asserting—through a representative and counsel—one or more property right(s) purportedly belonging to Mr. Anderson's estate. The only way the Moving Defendants could be asserting such property right(s) is if they received such rights from that estate, and such receipt subjects the Moving Defendants to jurisdiction in New York under SCPA § 210(2)(b) and CPLR § 302. *Matter of Estate of Schreiter*, 169 Misc. 2d 706, 709-10, 647 N.Y.S.2d 69 (N.Y. Sur. 1996) (receipt of trust assets from appointed trustee constituted receipt of assets from the estate); *In re MacElroy's Will*, 294 N.Y.S.2d 766 (same re. stock). This constitutes a *prima facie* case of jurisdiction over Susan and Sally Anderson. *Minissale v. Lauria*, 2012 WL 3288660, at *1-2 (E.D.N.Y. Aug. 9, 2012) (denying motion to dismiss when plaintiffs made a *prima facie* case).

### 3. Personal Jurisdiction Over the Moving Defendants Satisfies Due Process

Personal jurisdiction is proper under New York law, and well within the bounds of due process. Due process "guarantees are satisfied when a defendant has certain minimum contacts

6

NY1153547.5
219158-10001

with the forum state such that maintenance of the suit would not 'offend traditional notions of fair play and substantial justice.'" *Audiovox Corp. v. South China Enterprise, Inc.*, 2012 WL 3061518, at *4 (E.D.N.Y. July 26, 2012) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Mr. Anderson passed away in New York State and was, on information and belief, domiciled in New York State at the time. (Compl. ¶¶ 9, 16). The Moving Defendants purport to enforce alleged rights of Mr. Anderson and/or his estate. (Compl. ¶ 15). By seeking to enforce rights under Mr. Anderson's New York estate, the Moving Defendants have submitted themselves to the jurisdiction of court in New York, and the Moving Defendants have not established any breach of due process. *Matter of Estate of Schreiter*, 169 Misc.2d 706, 711, 647 N.Y.S.2d 69 (application of NY SCPA § 210(2)(b) satisfied due process).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that, as construed as motions to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the "Special Appearances" of the Moving Defendants, Sally Anderson and Susan Anderson, be denied.

Dated: New York, New York           Respectfully submitted,
       December 7, 2012

By: ___/s/ *Barry I. Slotnick*_____
    Barry I. Slotnick (BS-9796)
    345 Park Avenue
    New York, NY 10154
    Main: (212) 407-4000
    Fax: (212) 407-4990

    *Attorneys for Plaintiffs Buena Vista Home Entertainment, Inc. and Walt Disney Pictures*