UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y

★  JAN 03 2013  ★

LONG ISLAND OFFICE

BUENA VISTA HOME ENTERTAINMENT
INC, AND WALT DISNEY PICTURES.

2-12-cv-03267-LDW-ARL

Plaintiffs,

Complaint filed June 29, 2012

**DEFENDANTS RESPONSE TO PLAINTIFFS OPPOSITION TO DEFENDANTS "SPECIAL APPEARANCES" PRO SE**

v.

MARSHA ANDERSON, SALLY ANDERSON,
SUSAN ANDERSON, CASEY ANDERSON AND
THE ESTATE OF CHARLES ANDERSON

Defendants.

Defendants Sally Anderson and Susan Anderson, collectively and thereinafter referred to as Defendants, pro se, hereby submit the following memorandum of law in support of the "Special Appearances" filed by Defendants Sally Anderson and Susan Anderson..

Defendants will serve a copy of this Memorandum in support via FedEx and by Telefax copies at the telephonic coordinates provided by the Plaintiffs.

RECEIVED
JAN 07 2013
EDNY PRO SE OFFICE

## PRELIMINARY STATEMENT

The Plaintiffs seek a Declaratory Judgment that the Defendants Marsha Anderson, Sally Anderson, Susan Anderson, Kelly Anderson, Casey Anderson, and the estate of Charles Paul Anderson on behalf of the late Mr. Charles "Chic" Anderson have no enforceable claims against Plaintiffs under section 50 or 51 of the New York Civil laws or under the copyright laws of the United States in connection with the motion picture *Secretariat*, including its distribution on DVD and Blu-ray discs.

The moving Defendants have asserted a lack of personal jurisdiction, alleging that at all relevant times, they have been and are residents of the State of Texas and that there is no nexus between any of them and the State of New York. The Plaintiffs do not contest the residency claims of the Defendants, the Plaintiffs further acknowledge the validity of the Defendants' residency claim but assert that the Court need not have jurisdiction over the defendants. Rather, they claim that the court only needs personal jurisdiction over the "estate" of Charles "Chic" Anderson. In effect, Plaintiffs concede that the Court has no personal jurisdiction over moving defendants and attempt to bootstrap personal jurisdiction based on the fact that Charles "Chic" Anderson died in Suffolk County, New York.

## LEGAL STANDARD

Moving Defendants agree to the legal standard set out by Plaintiffs, that is that Plaintiffs must establish a prima facie case for personal jurisdiction over Defendants and further agree that the Court may accept evidence outside the pleadings.

## ARGUMENT

### PLAINTIFFS HAVE NOT MADE A PRIMA FACIE CASE OF PERSONAL JURISDICTION OVER ANY OF THE DEFENDANTS

Both Moving Defendants and non-moving Defendant Marsha Anderson have filed sworn affidavits asserting that that they do not live in New York, own no property in New York, do not operate or own a business in New York, and have committed no acts in New York which gave rise to this litigation. Furthermore, they have sworn that they would incur significant costs if made to defend this action in New York, far beyond their ability to pay. Plaintiffs have in no way disputed these assertions nor presented any evidence to the contrary. Plaintiffs have in no way made a prima facie case that any defendant, moving or non-moving, has any connection to New York that would in any way confer personal jurisdiction.

## 1. Plaintiffs Have Not Established a Prima Facie Case of Personal Jurisdiction over Charles "Chic" Anderson's Estate

Plaintiff's assert that the Court has personal jurisdiction over Mr. Anderson's "estate". While it is true that Charles "Chic" Anderson died in Suffolk County, New York, he died in March 1979. Any "estate" created by his death was settled over 30 years ago. SPCA§103 (19) defines an "estate" as "all of the property of a decedent, trust, absentee, internee or person for whom a guardian has been appointed, and as it from time to time exists during administration." As such, there is no such "estate" currently in existence for Charles "Chic" Anderson. All property of the estate of Charles "Chic" Anderson was distributed to descendants over 30 years ago. Any future monies owed to the descendants or representatives of Charles "Chic" Anderson for Plaintiff's violation of rights of publicity and/or copyright cannot be considered to be a part of Charles "Chic" Anderson's "estate" because these monies were never property of the decedent. *In the matter of the Estate of Jimmy Rodriguez*, 3 Misc.3d 1094, 776 N.Y.S.2d 761, (N.Y. Sur. 2004) (the wrongful death recovery is not part of the decedent's "estate" which is defined in SCPA 103 (19) as "[a]ll of the property of the decedent.")

In fact, Plaintiffs have not even established that an "estate" ever existed in New York. No probate proceeding were filed in New York. Charles Chic Anderson never owned any real property in New York. As evidenced by the death certificate provided by defendants, Charles "Chic" Anderson was a resident of Indiana at the time of his death,. As further evidenced by the death certificate, Charles "Chic" Anderson was buried in Indiana.

4

Plaintiffs have not and, in fact, cannot show that any "estate" of Charles "Chic" Anderson ever existed in New York.

Any attempt by Plaintiffs to recreate an "estate" in New York based on possible future recovery by Defendants against Plaintiffs is clearly contrary to New York law and cannot be the basis of personal jurisdiction over Defendants who have no contacts, much less minimum contacts, to the state of New York. The Plaintiffs have filed this Declaratory Judgment to have this Court rule that Plaintiffs do not owe any monies to Defendants for violation of rights of publicity and/or copyright of Charles "Chic" Anderson but still attempt to use that possible future recovery to establish an "estate" in New York over which this Court has jurisdiction. This twist in reasoning gives the concept of "bootstrapping" an entirely new and ridiculous dimension.

### 2. Plaintiffs Have Not Established a Prima Facie Case of Personal Jurisdiction Over the Moving Defendants

Since no "estate" of Charles "Chic" Anderson currently exists under New York law and such "estate" could never include property that the decedent did not own at the time of his death, Plaintiffs cannot claim that Defendants are representatives of this nonexistent "estate" for purposes of establishing personal jurisdiction.

Plaintiffs have not shown and cannot show that an "estate" of Charles "Chic" Anderson ever existed in the State of New York, nor that such "estate" was ever administered

under the laws of New York State, nor can they "recreate" a future fictional "estate" with property that was never owned by Charles "Chic" Anderson. As such they cannot claim, for purposes of establishing personal jurisdiction in New York, that Defendants may, at some time in the future, receive money based on Plaintiff's unauthorized use of the likeness and/or copyright of Charles "Chic" Anderson. The argument is wildly circular and in clear violation of New York law and further a clear violation of due process.

### 3. Personal Jurisdiction Over the Moving Defendants Offends Due Process and Traditional Notions of Justice and Fair Play

Plaintiff has not, and in fact, cannot show that any Defendant, moving or non-moving, (1) transacts any business within the state or contracts anywhere to supply goods or services within the state; (2) committed a tortious act within the state; (3) owns, uses or possesses any real property situated within the state. Defendants have in no way pursued their rights in the state and have not in any way submitted themselves to the jurisdiction of New York Courts. Due process guarantees are not satisfied when defendants have no contact at all with the forum state and the maintenance of such a suit does offend "traditional notions of fair play and substantial justice". Audiovox Corp. V. South China Enterprise, Inc. 2012WL. 3061518, at 4(E.D.N.Y. July 26 2012). The only connection Plaintiffs can show is that the father of Defendants, Charles "Chic" Anderson, died in New York in 1979. It is hard to imagine that this is sufficient to convey personal jurisdiction over Defendants and Plaintiffs offer no support that this is so.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that Defendants' Motions for Dismissal for lack of Personal Jurisdiction under Rule 12(b) (2) be in all things GRANTED.

Dated: Austin, Texas
January 4, 2013

Respectfully submitted,

*Sally Anderson*
Sally Anderson, pro se
830 Willow Creek Circle
San Marcos, TX 78666

*Susan Anderson*
Susan Anderson, pro se
12430 Metric Blvd. Apt. 5304
Austin, TX 78758

## AFFIDAVIT OF SERVICE

STATE OF TEXAS

COUNTY OF TRAVIS


RENDI GRAHAM, being duly sworn, deposes and says:

1. I am not a party to this action and I am over 18 years of age.

2. On January 7, 2013, I served true copies of the foregoing DEFENDANTS RESPONSE TO PLAINTIFFS OPPOSITION TO DEFENDANTS "SPECIAL APPEARANCES" PRO SE by fax and by Federal Express to the below listed party.

Barry I. Slotnick (BS-9796)
Loeb & Loeb LLP
345 Park Avenue
New York, NY 10154

Rendi Graham

Sworn to before me this 7th day of JANUARY, 2013

Notary Public

Christina Faith Hamilton
Commission Expires
01-18-2016

8

§ 103. Definitions, NY SURR CT PRO § 103

McKinney's SCPA § 103

§ 103. Definitions

Effective: August 16, 2006

Currentness

When used in this act, unless otherwise required by the context, or unless a contrary intent is expressly declared in the provision to be construed, the words, phrases or clauses hereafter shall be construed as follows:

19. Estate. All of the property of a decedent, trust, absentee, internee or person for whom a guardian has been appointed as originally constituted, and as it from time to time exists during administration.

3 Misc.3d 1049, 776 N.Y.S.2d 761, 2004 N.Y. Slip Op. 24135

In the Matter of the Estate of Jimmy Rodriguez, Deceased

Surrogate's Court, Bronx County
March 23, 2004

CITE TITLE AS: Matter of Rodriguez

## HEADNOTE

Death
Wrongful Death
Utilization of Statutory Presumption of Death of Distributee in Proceeding to Distribute Wrongful Death Recovery

In a proceeding to distribute the proceeds of a wrongful death action, it was appropriate to utilize the statutory presumption created by SCPA 2225 in determining that decedent's daughter, whose whereabouts had remained unknown for 40 years despite diligent efforts to locate her, predeceased decedent without issue, thereby allowing the wrongful death proceeds to be paid in equal shares to decedent's six other children. SCPA provides that a distributee "not heard from for a period of at least three years since the death of the decedent" is presumed to have predeceased decedent without issue. The statute, on its face, applies to "any proceeding where the court is required to determine the distributees entitled to share in the estate under EPTL 4-1.1." Although a wrongful death recovery is not legally part of the decedent's "estate," the court here was nonetheless required to determine the distributees entitled to share in the estate under EPTL 4-1.1, since they were the only ones entitled to share in the wrongful death recovery (*see* EPTL 5-4.1, 5-4.3, 5-4.4, 11-3.3). Consequently, utilization of the statutory presumption to facilitate the distribution of the wrongful death proceeds among decedent's distributees fell within both the spirit and letter of SCPA 2225.

## TOTAL CLIENT-SERVICE LIBRARY REFERENCES

Am Jur 2d, Descent and Distribution § 76.

Carmody-Wait 2d, Payment of Shares §§ 169:48–169:50.

McKinney's, EPTL 4-1.1; McKinney's, SCPA 2225.

NY Jur 2d, Decedents' Estates § 2378.

## ANNOTATION REFERENCE

See ALR Index under Death and Death Actions; Descent and Distribution.

## FIND SIMILAR CASES ON WESTLAW

Database: NY-ORCS

Query: 2225 /p presum! /s pre-deceas!

## APPEARANCES OF COUNSEL

*Kleinman & Shedlo* (*Bruce G. Clark* of counsel), for administratrix. *Guy T. Parisi,* guardian ad litem. *Eliot Spitzer,*

*Attorney General* (*Howard Holt* of counsel), for charitable beneficiaries. *1050

## OPINION OF THE COURT

Lee Holzman, J.

This is a proceeding by the administratrix of the decedent's estate, one of his seven children, to compromise and judicially account for a wrongful death recovery. The novel question presented is whether, in a proceeding to distribute the proceeds of a wrongful death action, the provisions of SCPA 2225 may be utilized to reach a determination that the decedent's daughter, Grissell Rodriguez, whose whereabouts are unknown, predeceased him without issue. The reason that there is a question as to the applicability of SCPA 2225 is that damages awarded in a wrongful death action are solely for the benefit of the decedent's distributees to compensate them for their pecuniary injuries resulting from the decedent's death, and consequently, are not considered part of the decedent's estate to be distributed pursuant to either intestate distribution or the terms of a will (*see Ratka v St. Francis Hosp.*, 44 NY2d 604, 609 [1978]; EPTL 5-4.1, 5-4.3, 5-4.4, 11-3.3).

The decedent died intestate on December 3, 1983 from alleged medical malpractice. The decedent's presumptive distributees are his seven children. The Attorney General of the State of New York has appeared but has not filed any opposition. No one in the decedent's family has had any knowledge about the whereabouts of Grissell Rodriguez in over 40 years, since she was about five years old. Various attempts to locate her during the decedent's lifetime were unsuccessful. The attempts to find her in the more than 20 years that have elapsed since the decedent's death have been fruitless. The guardian ad litem for Grissell conceded that diligent efforts have been made to locate her without success.

SCPA 2225 provides, in pertinent part, as follows:

> "In any proceeding where the court is required to determine the distributees entitled to share in the estate under EPTL 4-1.1 . . .
> "(a) If it is established to the satisfaction of the court that a person who would be a distributee . . . has not been heard from for a period of at least three years since the death of the decedent, . . . that a diligent search has been made to discover evidence that such person is still living, and that no such evidence has been found, the court may make a determination that such person is presumed dead andthat *1051 he or she predeceased the decedent without issue . . . ." **2

Here, as noted above, the fund to be distributed is paid to the decedent's distributees to compensate them for their pecuniary injuries resulting from the decedent's death. Furthermore, the wrongful death recovery is not part of the decedent's "estate" which is defined in SCPA 103 (19) as "[a]ll of the property of the decedent." Nevertheless, in this proceeding, as provided in SCPA 2225, "the court is required to determine the distributees entitled to share in the estate under EPTL 4-1.1" because they are the only ones who may share in the wrongful death recovery (EPTL 5-4.1, 5-4.3, 5-4.4, 11-3.3). Moreover, where the events leading to the decedent's death result in a recovery of damages for both personal injury and wrongful death, there is no logical reason why the ameliorative provisions of SCPA 2225 should be limited to facilitating distribution to those distributees whose identity and whereabouts are known only with regard to the recovery for personal injury. In both instances there would be no fund available for distribution to the decedent's distributees but for his death. Therefore, in both instances the court should be able to utilize the "presumptive legal fiction" created by SCPA 2225 (that a distributee predeceased the decedent without issue) "for the limited purpose of facilitating the distribution" of the fund at issue (*see Matter of Schrake*, 129 Misc 2d 671, 672 [1985]).

Accordingly, the court determines that the utilization of the statutory presumption to facilitate the distribution of the wrongful death proceeds among the decedent's distributees falls both within the spirit and letter of SCPA 2225. The decedent's daughter, Grissell Rodriguez, is presumed, pursuant to SCPA 2225 (a) for the purpose of this proceeding, to have predeceased him without issue. The net distributable proceeds are to be paid in equal shares to the decedent's six other children. It is noted that the same result might be reached pursuant to a determination that Grissell Rodriguez did not suffer any pecuniary injury as a result of the decedent's death inasmuch as she has not had any dealings with him since she was five years old. Counsel fees and disbursements are allowed in the amount requested.

Copr. (c) 2012, Secretary of State, State of New York

End of Document © 2013 Thomson Reuters. No claim to original U.S. Government Works.

https://www.fedex.com/shipping/html/en/PrintIFrame.htm

From: (512) 279-8394
Rendi Graham
2201 E 6th St
AUSTIN, TX 78702

Origin ID: AUSA



SHIP TO: (718) 613-2600       BILL SENDER
**United States District Court**

**Eastern District of New York**
**225 Cadman Plaza East**
**BROOKLYN, NY 11201**

Ship Date: 07JAN13
ActWgt: 1.0 LB
CAD: 9259617/INET3300

Delivery Address Bar Code



Ref #        Personal (Rendi Graham)
Invoice #
PO #
Dept #

TRK# 7944 5452 9555    TUE - 08 JAN A2
0201                   PRIORITY OVERNIGHT

XA EGXA                11201
                       NY-US
                       EWR



515G2/7813/AA44



