UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
BUENA VISTA HOME ENTERTAINMENT,
INC., *et al.*,

                      Plaintiffs,            <u>MEMORANDUM AND ORDER</u>

  -against-                              CV 12-3267 (LDW) (ARL)

MARSHA ANDERSON, *et al.*,

                      Defendants.
----------------------------------------------------------------X

WEXLER, District Judge

Plaintiffs Buena Vista Home Entertainment, Inc. ("BVHE") and Walt Disney Pictures ("WDP") bring this action for a judgment declaring that defendants Marsha Anderson, Sally Anderson, Susan Anderson, Kelly Anderson, Casey Anderson, and/or the Estate of Charles Anderson, on behalf of the late Charles "Chic" Anderson ("Chic Anderson"), have no enforceable claims against plaintiffs under United States copyright laws and New York right of privacy laws in connection with the motion picture *Secretariat*, including its distribution on DVD and Blu-ray discs. *Pro se* defendants Sally Anderson and Susan Anderson (the "Moving Defendants") move to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. Plaintiffs oppose the motion.

For purposes of this decision, the complaint can be summarized briefly as follows: WDP was a producer of *Secretariat*, which had a theatrical release date of October 8, 2010. Defendants have asserted that *Secretariat* included depictions of horse races from

the early 1970s that were originally "called" by race announcer Chic Anderson, in violation of Chic Anderson's rights.  In early 2011, BVHE released home-entertainment versions of *Secretariat*, including in DVD and Blu-ray formats.  Bonus materials to the DVD and Blue-ray releases include video clips from certain historical horse races from the early 1970s.  Defendants have asserted that those video clips contain recordings of Chic Anderson's original "calls," in violation of his rights.  According to plaintiffs, the video clips were licensed from the copyright owner, CBS Broadcasting Inc., through its licensing agent.  Plaintiffs allege that for more than two years defendants have been asserting rights of publicity and/or copyright on behalf of Chic Anderson.  Plaintiffs allege that Chic Anderson died on March 24, 1979 in Commack, New York, where he was domiciled at the time of his death.  Plaintiffs request a judgment declaring that defendants have no enforceable claims against plaintiffs, including under United States copyright laws and New York right of privacy laws.

Plaintiffs argue that, because Chic Anderson passed away as a resident and domiciliary of New York, personal jurisdiction exists in New York over Chic Anderson's estate under New York Estates, Powers & Trusts Law § 11-3.1 and New York Civil Practice Law & Rules § 301.  Plaintiffs further argue that, given the jurisdiction over the estate, personal jurisdiction exists in New York over the remaining defendants under New York Surrogate's Court Procedure Act § 210(2)(b) because they are representatives asserting purported property rights of, or from, the estate.

In their *pro se* submissions, the Moving Defendants confirm that Chic Anderson died in Commack, New York, but they contend (1) that he was a domiciliary of Indiana at the time of his death (as evidenced by his death certificate, which they attach to their papers); (2) that his estate was not probated in New York; (3) that he owned no real property in New York at the time of his death or at any other time; and (4) that his estate was distributed to descendants over 30 years ago. They further assert that they reside in Texas and have no connection to New York. Moreover, Susan Anderson asserts that her mother, non-moving defendant Marsha Anderson, is also not a resident of, and has no connection to, New York.

Upon consideration, the Court concludes that in light of the complaint's allegations, and the Moving Defendants' evidentiary submissions, plaintiffs should be permitted to conduct jurisdictional discovery before the Court makes a determination of the jurisdictional issues. Plaintiffs are granted 120 days to conduct jurisdictional discovery, provided any deposition of a defendant shall be conducted where that defendant resides.

Accordingly, the Moving Defendants' motion to dismiss is denied without prejudice to renewal following jurisdictional discovery. Plaintiffs shall serve a copy this

Memorandum and Order on the defendants, with proof of service to be filed with the Court.

SO ORDERED.

                                                /s/
                                      LEONARD D. WEXLER
                                      UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       February 4, 2013